Filed 3/15/21  F.H. v. Superior Court CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| F.H., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF VENTURA COUNTY, <br><br> Respondent; <br><br> VENTURA COUNTY HUMAN SERVICES AGENCY, <br><br> Real Party in Interest. | 2d Juv. No. B309197 <br> (Super. Ct. No. J072390) <br> (Ventura County) |

In a petition for extraordinary writ, F.H. (Father) challenges the juvenile court's order terminating reunification services and setting the matter for a hearing under Welfare and

Institutions Code section 366.26.[1]  We deny the petition.

## FACTUAL AND PROCEDURAL HISTORY

In February 2020, Ventura County Human Services Agency (the Agency) filed a dependency petition alleging that Father had substance abuse and mental health issues that "periodically interfere[d] with [his] ability to provide adequate care and supervision" of his three-year old son, A.V.  (§ 300, subd. (b).)  The juvenile court sustained the petition.  It ordered reunification services for Father.

In the six-month report, the Agency recommended early termination of reunification services pursuant to section 388, subdivision (c)(1)(B).  The Agency reported that Father was arrested in June 2020 for a probation violation.  He was to remain in custody due to pending charges related to another case (the April 2020 case).  The report noted that Father had a criminal history and that he "continues to engage in criminal activity."

The Agency also reported that Father "sporadically participated" in case plan services and made "minimal progress mitigating the safety concerns" that initiated the dependency. The Agency had offered Father counseling, mental health services, parenting education, and substance abuse treatment.

Father participated in his mental health and parenting services, but was discharged from them due to his incarceration.  Father also participated in substance abuse treatment, but had "failed to engage in [the substance abuse] recovery process" and tested positive on a drug and alcohol test.

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

The Agency stated that Father did not appear to "understand the seriousness of his criminal activity and substance abuse issues and the impact that it has on his life and his family." The Agency noted that Father missed several visits with A.V.

In an interim report, the Agency reported that Father was sentenced in the April 2020 case to three years in state prison. After deducting credit for time served, he would serve "under a year and a half." This prison term would "exceed[] the legal time frames for [f]amily reunification services to be provided."

At the sixth-month hearing, the juvenile court terminated reunification services and set a section 366.26 hearing. The court found that "[a]lthough the father engaged in case plan services he has not demonstrated benefit in substance abuse treatment, mental health services, and parent education."

## DISCUSSION

Father contends that various individuals lied about facts relating to this case. The Agency contends Father's writ petition is "plainly inadequate" because it does not assert coherent arguments, allege error, or cite properly to legal authority or the record. The Agency is correct.

A writ petition to review an order setting a hearing under section 366.26 must include: a summary of "significant facts, limited to matters in the record," "a separate heading or subheading summarizing the point and support each point by argument and citation of authority," reference to the record by citation, and an explanation of the significance of any cited portion of the record. (Cal. Rules of Court, rule 8.452(a), (b); *Cheryl S. v. Superior Court* (1996) 51 Cal.App.4th 1000, 1005.) If a petition does not "present an adequate record, argument, and

3

points and authorities," the petition may be dismissed.  (*Cheryl S.*, at p. 1005.)

Father's writ petition is inadequate.  It does not include a summary of significant facts or an "argument" section.  It does not cite to any legal authority.  It cites to the record in only a few instances.  It refers to matters outside the record, which we cannot consider.  (*In re Angel L.* (2008) 159 Cal.App.4th 1127, 1141.)  And although the petition includes several documents (titled "Memorandum") in which Father alleges that Agency representatives or A.V.'s maternal family members made false or discriminatory statements, his petition does not specify any error allegedly committed by the juvenile court.

On the merits, we conclude there was no error.  A party may petition the court prior to the 12-month hearing to terminate reunification services if the "action or inaction of the parent . . . creates a substantial likelihood that reunification will not occur, including, but not limited to, the parent's . . . failure to visit the child, or the failure of the parent . . . to participate regularly and make substantive progress in a court-ordered treatment plan."  (§ 388, subd. (c)(1)(B).)  The court "shall terminate reunification services . . . only upon a finding by a preponderance of evidence that reasonable services have been offered or provided, and upon a finding of clear and convincing evidence" that the conditions of subdivision (c)(1)(B) exist.  (§ 388, subd. (c)(3).)  We review the court's decision for substantial evidence.  (*In re Ronell A.* (1996) 44 Cal.App.4th 1352, 1361-1362; *J.H. v. Superior Court* (2018) 20 Cal.App.5th 530, 535.)  We resolve all conflicts in favor of the court's determination and construe all inferences to uphold its findings.  (*Ibid.*)

4

Substantial evidence supports the juvenile court's order. The Agency provided services designed to remedy Father's failures that led to the dependency. (See *In re Riva M.* (1991) 235 Cal.App.3d 403, 414.) Father did not make "substantial progress" in his treatment plan and "failed to engage in [the substance abuse] recovery process." Moreover, Father was arrested and sentenced to a prison term which "exceed[ed] the legal time frames for [f]amily reunification services to be provided." The juvenile court properly terminated reunification services.

Finally, we reject Father's claim that he received ineffective assistance of counsel. A party claiming ineffective assistance of counsel has the burden to show (1) counsel rendered deficient performance, and (2) prejudice as a result of counsel's deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Riel* (2000) 22 Cal.4th 1153, 1175.) Father does not specify how counsel's performance was deficient. Nor does Father demonstrate prejudice as a result of counsel's performance.

**DISPOSITION**

The petition for extraordinary writ is denied.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.          PERREN, J.

5

Tari L. Cody, Judge

Superior Court County of Ventura

_____

F.H., in pro. per., for Petitioner.

No appearance for Respondent.

Michael G. Walker, County Counsel, Joseph J. Randazzo, Assistant County Counsel, for Real Party in Interest.